

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-2964
Re: Effect of the "Relinquish-
ment Act" upon the Texas
inheritance tax law.

We are in receipt of your letter of December 9, 1940, in which you request the opinion of this department as to the application of the Texas inheritance tax law to property of a non-resident located in Pecos County, Texas, which lands were school lands and were affected by the "Relinquishment Act" passed in 1919. Under the facts submitted, the deceased purchased the school land prior to 1919 and he received whatever rights were conferred upon him by the Act above referred to in 1919. You further state that the deceased never executed any lease of any of the mineral rights in the property.

Your first question is as follows:

"(1) Whether or not by any of your
regulations or by court decision the rights
of any heirs of deceased under the Relinquish-
ment Act are subject to State Inheritance
Taxes under the above circumstances?"

Article 7117 of the Revised Civil Statutes of Texas provides, in part, as follows:

"All property within the jurisdiction of
this State, real or personal, corporate or
incorporate, and any interest therein, includ-
ing property passing under a general power of
appointment exercised by the decedent by will,
including the proceeds of life insurance to
the extent of the amount receivable by the
executor or administrator as insurance under
policies taken out by the decedent upon his

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable George H. Sheppard, Page 2

own life, and to the extent of the excess over Forty Thousand Dollars ($40,000) of the amount receivable by all other beneficiaries as insurance under policies taken out by the decedent upon his own life, whether belonging to inhabitants of this State or to persons who are not inhabitants, regardless of whether such property is located within or without this State, which shall pass absolutely or in trust by will or by the laws of descent or distribution of this or any other State, or by deed, grant, sale, or gift made or intended to take effect in possession or enjoyment after the death of the grantor or donor, shall, upon passing to or for the use of any person, corporation, or association, be subject to a tax for the benefit of the State's General Revenue Fund, in accordance with the following classification. * * *."

Article 7130 of the Revised Civil Statutes of Texas provides, in part, as follows:

"* * *. The appraisers, being first sworn, shall forthwith give notice to all persons known to have any claim or interest in the property to be appraised, including the Comptroller of Public Accounts, the executor, administrator, or trustee, of the time and place when they will appraise the same. At such time and place, said appraisers shall appraise such property at its actual market value if it has a market value, and in case it has none, then its real value at the time of the death of the decedent, and shall thereupon make a report thereof in writing to said County Judge and Comptroller, who shall file and keep such report. * * *." (Underscoring ours).

You are advised, therefore, that the property situated in Texas is subject to the Texas inheritance tax and that the same is to be valued at its actual market value as of the time of the death of the decedent.

Honorable George H. Sheppard, Page 3

At the time that the so-called "Relinquishment Act" was passed in 1919, a purchaser of mineral classified school land from the State acquired only the surface rights to the property. The purpose of the "Relinquishment Act" was to confer on such a property owner the authority to act as agent of the State in leasing the mineral rights in such property. One-half of the bonus and rental and ordinarily of the royalty above a certain minimum is to be retained by the fee owner of the surface rights as consideration for his acting as agent for the State in leasing the mineral rights. The Supreme Court of Texas in the case of Greene v. Robison, 8 S. W. (2d) 655, in construing this legislative enactment, stated as follows:

"The landowner acquires (under the Relinquishment Act) no estate in the oil and gas. He simply has a right to receive the compensation from the lessee out of the lessee's production as the State provides." (Underscoring ours and parenthetical matter ours).

As above stated, the Relinquishment Act gives to the property owner no interest or right in the land itself, but on the other hand, gives the fee owner of the surface estate a right to receive a portion of the compensation for leasing the mineral rights to the land. The right is one which goes with the land itself and is a right which only inures to the benefit of the party who is the fee owner of the surface rights at the time the land is leased. The Supreme Court of Texas so stated in the case of Lemar v. Garner, 50 S. W. (2d) 769, as follows:

"* * *. In our opinion, the act, when fairly and reasonably construed, also means that all minerals not disposed of go with the title of the land, subject to the provisions of the act. That when a valid and binding lease or conveyance of the minerals is made by the owner of the land, as the agent of the state, then in that event he receives the foregoing amounts as compensation for his services. His share of the rentals, royalties, and bonuses derived

Honorable George H. Sheppard, Page 4

from the leases executed by him became prop-
erty rights during the period of time for
which the lease runs. Prior to the making
of the mineral lease, the owner of the land
has no right to assign or convey any mineral
rights in the property. It is the intention
of the law that the owner of the land shall
be the agent of the state to execute mineral
leases. Whenever a mineral lease executed
by a prior owner terminates, the then owner
of the land becomes the agent of the state
with authority to sell or lease the oil and
gas mineral rights, as provided for in the
Relinquishment Act."

It is the opinion of this department that insofar
as you state in a particular case the mineral interests have
not been leased, that the right given to the fee owner in
this case, the decedent, by the Relinquishment Act, now passes
along with the property to whoever inherits said property
from the deceased. As such right is one which goes with the
land, it is a factor which must be taken into consideration
in determining the actual market value of the property as pre-
scribed by Article 7130, supra.

You are therefore advised that the appraisers in de-
termining the actual market value of the property in question
should consider the additional value to the property placed
on the same by the Relinquishment Act of 1919.

Your second question is as follows:

"(2) Would the decision as to the taxa-
bility of these rights under the Relinquish-
ment Act be affected by the compromise of
Federal Estate Taxes by which a valuation
were placed on these rights to lease?"

You are advised that the action taken by the Federal
Government has no bearing upon the Texas basic inheritance tax
imposed by Chapter 5 of Title 122 of the Revised Civil Statutes
of Texas. Such chapter contains provisions for the appraisal
and assessment of the Texas inheritance tax and bears no reference
whatsoever to any appraisal or assessment of the Federal estate
tax.

Honorable George H. Sheppard, Page 5

You are further advised, however, that if an additional inheritance tax is imposed under the authority of Chapter 5a of Title 122, all valuations placed on property by the Federal Government form the basis for this additional inheritance tax of Texas. Therefore if an additional inheritance tax is assessable against the property, the basis for the Texas additional inheritance tax would simply be 80% of the tax assessed by the Federal Government under the Federal estate tax of 1926.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Billy Goldberg
Assistant

APPROVED DEC 20, 1940

FIRST ASSISTANT
ATTORNEY GENERAL

BG:RS


APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN